FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

99 NOV 10 PM 3: 24

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| RAYMOND PLEDGER, d/b/a PLEDGER BEVERAGE, | ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) ) | CV 98-PT-3155-E |
| vs. | ) ) | |
| ROYAL CROWN BOTTLING COMPANY OF CHICAGO, | ) ) ) | |
| Defendant/Counterclaim Plaintiff. | ) ) | |

ENTERED
NOV 10 1999

### MEMORANDUM OPINION

This cause comes to be heard on defendant's Motion to Reconsider filed on September 16, 1999. This motion comes in response to this Court's Order of September 13, 1999 which granted plaintiff's Objection to Notice to Depositions, Motion for Protective Order And Request for Protective Relief.

### FACTS

Pledger entered into a distributorship contract with Royal Crown ("RC") on February 15, 1996. Pledger filed this action against RC alleging breach of contract, interference with contractual relations, and fraud. RC filed a counterclaim in its answer alleging breach of contract and damages in the amount of



$82,000.00, the amount RC alleges Pledger owes it for products provided to him, allegedly sold by him, but never made payment upon.

RC seeks evidence regarding Pledger's management of his accounts. RC seeks this evidence in order to show at trial: (1) that Pledger mishandled his accounts; and (2) that RC is entitled to know where the money owing to RC went.

RC has obtained information that Pledger had and continues to be involved in an extra-marital affair with Sherri Hattoc. This affair has allegedly produced one child by Pledger and another may be on the way. RC contends that the fact that Pledger may be supporting two family units might account for Pledger's alleged mishandling of his accounts and explain where RC's money has gone. RC seeks to depose both Sherri Hattoc and Pledger's wife, Teresa Pledger, in order to discover what, if anything, either woman knows about Pledger's handling of his accounts, personal bills and expenses, and how his business was operated and maintained.

## PARTIES' ARGUMENTS

RC contends that under Fed. R. Civ. Pro. Rule 26(b)(1) this discovery should be allowed as it is reasonably calculated to lead to the discovery of admissible evidence. See <u>Alexander v.</u>

<u>University/Gainesville Healthcare Center, Inc.</u>, 17 F. Supp.2d 1291, 1292 (N.D. Fla. 1998); <u>Wheeles v. Human Resource Systems, Inc.</u>, 179 F.R.D. 635, 637 (S.D. Ala. 1998). RC notes that courts have a large degree of latitude in managing discovery. <u>See</u> <u>Thornton v. Mercantile Stores Co., Inc.</u>, 180 F.R.D. 437, 439 (M.D. Ala. 1998).

    RC asserts that a motion for a protective order under Rule 26(c) requires the district judge to compare the hardship to the party against whom discovery is sought, if allowed, with the hardship to the party seeking discovery if discovery is denied. <u>Wheeles</u>, 179 F.R.D. at 637. The judge must consider (1) the nature of the hardship as well as its magnitude, and thus give more weight to interests that have a distinctively social value than to purely private interests; and (2) the possibility of reconciling the competing interests through a carefully crafted protective order. <u>Id.</u> Under this test, RC argues that the discovery sought meets both requirements. First, RC alleges that the discovery sought goes directly to damages. Second, RC argues that its inability to investigate the possibility of an extra-marital affair denies it the ability to properly defend itself.

    Pledger alleges that RC's discovery request is simply a deep sea fishing expedition into highly personal and irrelevant

3

issues. Pledger argues that the information which RC seeks can be summarized as follows: (1) whether Pledger owes RC $82,000,00; and (2) whether Pledger engaged in acts of suppression, deceit and/or fraud in his interactions with RC. Pledger contends that the discovery which RC seeks is geared not towards these two issues, but to harass, intimidate and embarrass the parties and deponents.

## DISCUSSION

"A motion for reconsideration may be brought pursuant to Rule 59(e)...[i]f the motion is served within ten days of the rendition of judgment." Sussman v. Salem, Saxon & Nielsen, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Because RC's motion was brought three days following this Court's Order, it falls under Rule 59(e).

Courts have outlined three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice. Id., citing, Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750 (D. Mont. 1988) (quoting All Hawaii Tours v. Polynesian Cultural Center, 116 F.R.D. 645, 649 (D. Ha. 1987); Hardy v. Town of Hayneville, 50 F. Supp.2d 1176, 1198 (M.D. Ala. 1999). "[R]econsideration of a

previous order is an extraordinary remedy to be employed sparingly." Sussman, 153 F.R.D. at 694, citing, Mannings v. School Board of Hillsborough County, 149 F.R.D. 235 (M.D. Fla. 1993) (quoting Taylor Woodrow Contruction Corp. v. Sarasota/ Manatee Airport Authority, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993); Hardy, 50 F. Supp.2d at 1198.

Regardless of whether the nature of the motion is appropriate, the Court is satisfied that the issue is whether Pledger paid money he owed or did not pay money he owed, not why he did not pay.

This 10th day of November, 1999.

*Robert B. Propst*

**ROBERT B. PROPST**

**SENIOR UNITED STATES DISTRICT JUDGE**